[S. F. No. 9321. In Bank.—January 9, 1920.]

JOHN HINKEL, Respondent, v. E. A. CROWSON, Appellant.

[1] SUPERSEDEAS—JUDGMENT DIRECTING SALE OF REAL PROPERTY—ABSENCE OF BOND.—An application for a writ of supersedeas pending appeal, in a case in which the judgment adjudged a vendor's lien and directed a sale in satisfaction thereof, will be denied where the trial judge refused to fix the amount of the stay bond to cover waste alone (as claimed to be sufficient by appellant), but insisted on including therewith an amount covering the value of the use and occupation of the premises, since the supreme court has no jurisdiction to fix the amount, and there can be no *supersedeas* in the absence of a bond the amount of which is fixed in the manner provided by section 945 of the Code of Civil Procedure.

[2] APPEAL—FIXING AMOUNT OF STAY BOND—MANDAMUS.—Where the trial court refuses to fix the amount of a stay bond, the sole remedy is a proceeding in *mandamus*.

APPLICATION for Writ of Supersedeas to stay execution pending an appeal from a judgment of the Superior Court of Alameda County. Denied.

The facts are stated in the opinion of the court.

James F. Sheehan, Chas. J. Heggerty and Knight & Heggerty for Appellant.

Richard B. Bell and R. M. F. Soto for Respondent.

THE COURT.—This is an application for a writ of *supersedeas* pending appeal, in a case in which the judgment adjudged a vendor's lien and directed a sale in satisfaction thereof. The case falls within the provisions of section 945 of the Code of Civil Procedure, the judgment directing the sale of real property. The property is in the possession of appellant. Section 945 of the Code of Civil Procedure requires that the judge of the court rendering the judgment shall fix the amount of the bond. It is alleged that the judge refuses to fix the amount of a bond to indemnify against waste alone, but insists on including therewith an amount covering the value of the use and occupation of the premises. It is claimed that appellant is entitled to a stay upon a bond covering waste alone. (See *Englund* v. *Lewis et al.,* 25 Cal. 337, 354, which appears to have decided this very question upon a statute like section 945 of the Code of Civil Procedure.)

[1] However, we have no jurisdiction to fix the amount of the bond, and there can be no *supersedeas* in the absence of a bond the amount of which is fixed in the manner provided by the statute. [2] Petitioner's sole remedy is a proceeding in *mandamus.* (See *Doudell* v. *Shoo,* 158 Cal. 50, [109 Pac. 615].)

The application is denied.

Angellotti, C. J., Olney, J., Wilbur, J., Shaw, J., Kerrigan, J., *pro tem.,* and Lawlor, J., concurred.